IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| KARILYNN MIERA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ORLANDO OUTDOOR LANDSCAPING, LLC, a Florida Limited Liability Company and DANIEL P. VANDESTREEK, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>CASE NO.: 6:14-cv-636-orl-31GJK |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KARILYNN MIERA, ("MIERA" or "Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ORLANDO OUTDOOR LANDSCAPING, LLC, ("ORLANDO OUTDOOR"), a Florida Limited Liability Company, and DANIEL P. VANDESTREEK ("VANDESTREEK"), individually, (collectively "Defendants"), and states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3.    At all times material hereto, Plaintiff was, and continues to be a resident of Orange County, Florida.

4.    ORLANDO OUTDOOR is a landscaping nursery and commercial lawn care company in Orlando.

5.    At all times material hereto, ORLANDO OUTDOOR was and continues to be a Florida Limited Liability Company. Further, at all times material hereto, ORLANDO OUTDOOR was and continues to be engaged in business in Florida, with its principal place of business in Orange County, Florida.

6.    Upon information and belief, VANDESTREEK was and continues to be a resident of Orange County, Florida.

7.    At all times material hereto, VANDESTREEK operated ORLANDO OUTDOOR.

8.    At all times material hereto, VANDESTREEK regularly held and/or exercised the authority to hire and fire employees of ORLANDO OUTDOOR.

9.    At all times material hereto, VANDESTREEK regularly held and/or exercised the authority to determine the work schedules for the employees of ORLANDO OUTDOOR.

10.    At all times material hereto, VANDESTREEK regularly held and/or exercised the authority to control the finances and operations of ORLANDO OUTDOOR.

11.    By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of ORLANDO OUTDOOR; (b) determine the work schedules for the employees of ORLANDO OUTDOOR; and (c) control the finances and

operations of ORLANDO OUTDOOR, VANDESTREEK is an employer as defined by 29 U.S.C. 201 *et. seq.*

12.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

13.     At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of FLSA.

14.     Defendants were, and continue to be, an "employer" within the meaning of FLSA.

15.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18.      At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19.     At all times material hereto, Defendants operated in multiple states simultaneously.

20.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21.     At all times material hereto, Plaintiff was engaged in the "production of

goods for commerce" and subject to the individual coverage of the FLSA.

22.     The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for all hours worked in excess of forty (40) hours and/or who worked for Defendants in one or more workweeks.

23.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

24.     On or about September of 2011, Defendants hired Plaintiff to work as a non-exempt nursery laborer.

25.     Plaintiff was compensated at an hourly rate of $11.50 from 2011 to 2012 and $12.50 per hour in 2013.

26.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

27.     Plaintiff worked for Defendants from approximately September 2011 and continuing through June of 2013.

28.     Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

29.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours

per week as required by the FLSA.

30.     Defendants have violated Title 29 U.S.C. § 207 from approximately September of 2011 and continuing through June of 2013, in that:

a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b.     No payments, or inadequate payments and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

31.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

32.     Plaintiff realleges and reavers paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.     From at least September of 2011 and continuing through June of 2013, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

34.     Plaintiff was, and is entitled to be paid at the statutory rate of one and

one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

35.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

36.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

37.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

38.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

40.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

41.     Based upon information and belief, the employees and former employees

of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT II - DECLARATORY RELIEF

42.     Plaintiff readopts and reincorporates all allegations contained in paragraphs 1-41 above as though fully stated herein.

43.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-2202.

44.     Plaintiff may obtain declaratory relief.

45.     Defendants employed Plaintiff.

46.     Defendants are an enterprise covered by the FLSA.

47.     Plaintiff was individually covered by the FLSA.

48.     Defendants failed to pay Plaintiff for all hours worked.

49.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

50.     Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

51.     Defendants did not rely upon a good faith defense in its failure to abide by the provisions of the FLSA.

52.    Plaintiff is entitled to liquidated damages.

53.    It is in the public interest to have these declarations of rights recorded.

54.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

55.    The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty (40) in a workweek without receiving correct overtime wages pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA, Defendants failed to prove a good faith defense, Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 16th day of April 2014.

Respectfully submitted,

Michael Hanna, Esq.
FL Bar No.: 85035
MORGAN & MORGAN
600 N Pine Island Road
Suite 400
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: MHanna@forthepeople.com

**Trial Counsel for Plaintiff**